Joseph A. Suozzr, J.
In this proceeding pursuant to article 78 of the CPLR, petitioner seeks a judgment directing the respondent board to make available certain records for inspection and copying.
Petitioner is a resident taxpayer of Union Free School District No. 23, Town of Oyster Bay. He has requested the school authorities to permit him to inspect and copy purchase records of student desks, chairs and replacement parts for the last two years. In a letter by its president, respondent Board of Education refused the request, stating that ‘ ‘ we feel you are engaged in a ‘ fishing and harassment endeavor’”. In substance it is the board’s contention that too much time and effort has been expended by the school employees upon prior requests for inspection of various records by this petitioner. The respondent, although disputing the applicability of section 51 of the General Municipal Law to it, concedes that the records of the school district must be made available to qualified persons for reasonable use under various sections of the Education Law. Respondent, Board of Education has made no factual showing that the instant request by petitioner, if honored would impose an extreme or unreasonable burden upon the district’s employees or facilities. Instead it has questioned petitioner’s good faith and relies upon the fact that he has already conducted inspections of various other records.
It is the opinion of this court that respondent cannot refuse to permit petitioner to inspect the records sought. Respondent’s reliance upon Ofenloch v. Gaynor (66 Misc 2d 185) and Glass v. Department of Health (64 Misc 2d 880) for the proposition that section 51 of the General Municipal Law is not applicable to school districts is misplaced. Within the provisions of section 51 are contained, not only the right to inspect records but in addition the authority for the maintenance of taxpayers’ actions. That portion of the statute which authorizes an action to prevent any illegal official act or for waste applies specifically by its terms to “ any county, town, village or municipal corporation in this state ’ ’. It was that portion of the statute that the courts were dealing with in Ofenloch and Glass. When section 51 speaks of the right to inspect “all books of minutes, entry or account, and the books, bills, vouchers, checks, contracts or other papers ” it includes not only those of ‘1 any county, town, village or municipal corporation in this state”, but also “any body corporate * * * which possesses the power to levy taxes ”. Clearly a board of education of a union free school district comes within the *1063 terms of that statute. (See Education Law, §§ 1701 and 1709 subds. 8, 8-a, 20, 22 and 26.) The items requested by petitioner are subject to inspection under section 51. There is no doubt that the board could make reasonable regulations governing the time or manner of inspection, but it cannot deny a taxpayer the right to inspect solely upon the claim of inconvenience. (Matter of Sorley v. Lister, 33 Misc 2d 471, 473.) This court does not consider the allegations and denials of personal interest to be material since no evidence has been presented to establish bad faith on the part of petitioner.
Accordingly, judgment is granted in favor of petitioner directing respondent to permit petitioner to inspect and copy purchase records of student desks, chairs and replacement parts for the last two years.